UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

YVONNE ANKERMAN,

      Plaintiff,

v.                                                                                          Case No. 1:08-CV-1103

AMERICAN EQUITY MORTGAGE,                                    HON. GORDON J. QUIST
INC., et al.

      Defendants.
_____/

**OPINION**

      Plaintiff, Yvonne Ankerman ("Ankerman"), through counsel, filed her Complaint in this case on November 25, 2008, against Defendants American Equity Mortgage, Inc. ("AEM"), Mortgage Electronic Registration Systems ("MERS"), and Citifinancial Mortgage Company, Inc. ("Citi"), alleging claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; the Michigan Mortgage Brokers, Lenders, and Servicers Act, M.C.L. § 1651, *et seq.*; breach of fiduciary duty; civil conspiracy; innocent misrepresentation; fraud; and wrongful foreclosure. Citi and MERS have now moved for dismissal of all claims.[1] Ankerman failed to respond to the motion within the time required by Local Rule 7.2(c). For the reasons set forth below, the Court will grant the motion and dismiss Ankerman's Complaint.

---

[1] AEM filed a Motion for Joinder in Citi's and MERS' Motion to Dismiss, as well as its own Motion to Dismiss. The response time on AEM's Motion to Dismiss has not yet run. However, Citi's and MERS' Motion to Dismiss raises issues for dismissal that are applicable to all Defendants. Thus, the Court need not consider AEM's motion separately to find a basis for dismissing the claims against AEM.

## BACKGROUND

The following facts are taken from the allegations in the Complaint. Ankerman purchased a house in June of 2000 for $142,000. At the time, Ankerman earned $36,000 per year. In August 2004 Ankerman sought to refinance her mortgage loan due to financial difficulties stemming from a job loss and family circumstances. On August 14, 2004, she refinanced with AEM. Ankerman used some of the loan proceeds to pay off credit debt and taxes and took $19,054.63 in cash. The new AEM loan had an adjustable rate, with an initial new monthly payment of $1038.

Due to another series of events, including another job loss, Ankerman had trouble making her mortgage payments. By late 2006 or early 2007, Ankerman was in default on her payments. Around that time she learned that Citi had purchased the loan. Citi told Ankerman that if she got a job she could get a loan modification. In May 2007, Citi foreclosed. In July 2007, Citi granted Ankerman's request for a loan modification, and apparently terminated the foreclosure. Although the modification reduced her interest rate and monthly payment, Ankerman was unable to make her payments and soon again defaulted. Citi foreclosed on the property in May 2008, and on June 5, 2008, obtained a Sheriff's Deed on Mortgage Sale. Ankerman failed to redeem the property within the six-month statutory redemption period, which elapsed on December 5, 2008.

## MOTION STANDARD

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions of legal conclusions. *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). All factual allegations in the complaint must be presumed to be true, and

reasonable inferences must be made in favor of the non-moving party. 2A James W. Moore, *Moore's Federal Practice*, ¶ 12.34[1][b] (3d ed. 1997). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)).

Although a motion to dismiss is generally confined to the pleadings, the Sixth Circuit has held that a court may consider a document not formally incorporated by reference in a complaint when the complaint refers to the document and the document is central to the claims. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). In support of their motion, Citi and MERS rely upon the mortgage refinancing documents from the 2004 refinancing by AEM, the July 21, 2007, loan modification agreement, and the June 5, 2008, Sheriff's Deed. The complaint refers to all of these documents or the transactions they reflect. Thus, they are central to Ankerman's claims, and the Court may properly consider those documents on a motion to dismiss without converting the motion to a motion for summary judgment as required by Fed. R. Civ. P. 12(d). *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

DISCUSSION

**1.      Ankerman's TILA and RESPA Claims Are Time Barred**

Counts I and II allege claims for violation of the TILA and RESPA. An action under the TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *United States v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009). Similarly, an action based upon a violation of section 8 or 9 of RESPA, 12 U.S.C. §§ 2607 and 2608, must be brought

"within . . . 1 year . . . from the date of the occurrence of the violation." 12 U.S.C. § 2614; *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 (6th Cir. 2009). Ankerman's TILA and RESPA claims appear to be based upon the August 2004 mortgage loan transaction. Both claims are time-barred because Ankerman waited more than three years after the limitations period ran to file her Complaint.

### 2. Ankerman Released and Waived All Claims Against Defendants

Paragraph 13 of the July 21, 2007, loan modification agreement provides:

> **Release and Waiver of Other Claims:** In consideration of the modification of certain provisions of the Note and Security Instrument, all as herein provided, and the other benefits received by Borrower hereunder, Borrower acknowledges that Borrower currently has no claims against Lender arising out of the origination or servicing of the Note or Security Instrument and does hereby release Lender, and its predecessors, successors, affiliates, assigns, agents, officers, directors, employees and representatives, of and from any and all claims, demand, actions and causes of action of any and every kind of character, whether known or unknown, present or future, which Borrower may have against Lender, and its predecessors, successors, affiliates, assigns, agents, officers, directors, employees and representatives, arising out of or with respect to any and all transactions relating to the Note and the Security Instrument occurring prior to the date hereof.

(Loan Modification Agreement ¶ 13, Defs.' Br. Supp. Ex. C.)

Michigan law provides that a release "is a contract that is to be interpreted according to the rules of contract interpretation." *Burkhart Assocs., Inc. v. Nowakowski*, 2008 WL 4367528, at *2 (Mich. Ct. App. Sept. 25, 2008) (citing *Cole v. Ladbroke Racing Mich., Inc.*, 241 Mich. App. 1, 13-14, 614 N.W.2d 169, 176 (2000)).

> The scope of a release is governed by the intent of the parties as it is expressed in the release. If the text in the release is unambiguous, the parties' intentions must be ascertained from the plain, ordinary meaning of the language of the release. A contract is ambiguous only if its language is reasonably susceptible to more than one interpretation.

*Cole*, 241 Mich. App. at 13, 614 N.W. 2d at 176. The language of the waiver and release provision above is broad and unambiguous. Pursuant to that provision, Ankerman released any claims she had

4

against Citi or its nominee, MERS, arising out of the August 2004 loan transaction. In addition, the release extends to any and all claims against AEM, which assigned the note and mortgage to Citi, as Citi's predecessor. While the precise bases for Ankerman's claims are far from clear, the release is broad enough to cover them all, with the exception of the claim for wrongful foreclosure in Count VIII.

### 3. Ankerman's Breach of Fiduciary Duty Claim Fails as a Matter of Law

Ankerman alleges a breach of fiduciary duty claim against Citi in Count IV. From the allegations of the complaint, it is clear that Citi was nothing more than a lender and the relationship between Citi and Ankerman was merely that of creditor and debtor. Michigan law does not recognize the imposition of fiduciary duties under these circumstances. *See Farm Credit Servs. of Michigan's Heartland, PCA v. Weldon*, 232 Mich. App. 662, 680-81, 591 N.W. 2d 438, 447 (1998) (refusing to extend a fiduciary relationship to a lender-borrower setting).

### 4. Ankerman's Wrongful Foreclosure Claim Fails as a Matter of Law

In Count VIII, Ankerman alleges a claim against MERS for wrongful foreclosure. She alleges that "Defendant's above-described actions do not provide a legal basis for any attempt by defendants to foreclose on Plaintiff's home when there exists no legal right to do so and would constitute wrongful foreclosure." (Compl. ¶ 86.)

This claim fails for two reasons. First, Citi initiated the foreclosure, not MERS. Second, Ankerman's allegations fail to establish that the foreclosure was wrongful. Ankerman admits in her complaint that she defaulted on her loan both before and after obtaining the modification by Citi. Moreover, she alleges that Citi foreclosed under the terms of the note and mortgage. (*Id.* ¶ 34.) She also alleges that Citi purchased the property at a Sheriff's Sale and obtained a Sheriff's Deed. Moreover, it appears that Ankerman failed to redeem the property during the statutory redemption

period under M.C.L. § 600.3240(8).  Because Ankerman provides no factual allegations other than a conclusory statement that there was no legal basis for the foreclosure, and her allegations show that Citi followed proper procedure in foreclosing, her allegations are insufficient to state a claim.

## CONCLUSION

For the foregoing reasons, the Court will grant Citi's and MERS motion to dismiss.  All claims against Citi, MERS, and AEM will be dismissed.

An Order consistent with this Opinion will be entered.


Dated:  April 30, 2009                                    /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE